Per curiam.

This suit Vas commenced by attachment against the plaintiff in error, on a promissory note payable to R. M. Brodnax. On the trial, the nominal plaintiff, R. M. Brodnax, was offered as a witness to rebut proof, which had been introduced tending to establish fraud. He was objected to *371 as incompetent on account of interest. The court refused to exclude him because of his being the nominal plaintiff, whereupon he was examined on his voir dire. He stated that he had no interest in the event of the suit; that he had assigned the note to Pippin without recourse, receiving Pippin’s obligation or note as the consideration; that he assured Pippin, when he assigned the note to him, that it had been given in good faith» for a good and valid consideration, and that no want or failure of consideration could be set up thereto, and if Pippin failed in the action he would hold him liable for the amount agreed to be paid. The indorsement on the note had been erased by Pippin’s counsel. Whether it was general or special does not appear. On this statement the court overruled the objection, and permitted the witness to testify. It seems to be too clear a case of interest to admit of any doubt. The witness had represented the note as being fair and founded on a valuable consideration, and moreover, that no want or failure of consideration could be set up. He was interested in effecting a recovery, for his representations made him liable to Pippin. He had received Pippin’s note as the consideration for the transfer. If he had practised a fraud by his representations, he could not recover from Pippin. His right to recover depended on his making good his assertions, and he was directly interested in proving .them true. His condition was that of a guarantor, or fraudulent assignor; it is immaterial which, as in either event he was incompetent. 3 Phillips, Evid. 1532. And it is immaterial whether he believed himself interested or not. His interest was a question for the court, and when it was made to appear, he ought to have been excluded.
Judgment reversed, and cause remanded.